UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHLEEN M. TEDESCO, | \| | |
| | \| | Civil Action No. |
| Plaintiff | \| | |
| | \| | |
| v. | \| | |
| | \| | COMPLAINT UNDER |
| LIFE INSURANCE COMPANY | \| | 29 U.S.C §1132 |
| OF NORTH AMERICA, | \| | |
| | \| | |
| Defendant | \| | |

The Plaintiff complains against the Defendant as follows:

1. The Plaintiff is a resident of Westbrook, Maine.

2. The Defendant is an insurance company licensed to do business in Maine.

3. This Court has jurisdiction of this lawsuit under 29 U.S.C. §1132.

4. The Plaintiff has exhausted all legally-required administrative remedies.

## *ERISA-GOVERNED LONG-TERM DISABILITY PLAN*

5. The Plaintiff is insured under the group long-term disability insurance policy ("the Policy") issued by the Defendant to Revitas, Inc., the Plaintiff's employer. Revitas was acquired by Model N on January 5, 2017.

6. The Policy defines "Disability" and "Disabled" as follows:  "The Employee is considered Disabled if, solely, because of Injury or Sickness, he or she is:

    "Unable to perform the material duties of his or her Regular Occupation; and Unable to earn 80% or more of his or her Indexed Earnings."

7. After disability benefits have been paid for 24 months, the Policy states that the Employee is considered "Disabled" if, solely due to Injury or Sickness, he or she is: "Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and unable to earn 80% or more of his Indexed Earnings."

8. The Policy defines "Indexed Earnings" as follows: "For the first 12 months Monthly Benefits are payable, Indexed Earnings will be equal to Covered Earnings.

9. The Policy further provides that after 12 Monthly Benefits are payable, Indexed Earnings will be an Employee's Covered Earnings plus an

increase applied on each anniversary of the date Monthly Benefits became payable. The amount of each increase will be the lesser of: "10% of the Employee's Indexed Earnings during the preceding year of Disability; or The rate of increase in the Consumer Price Index (CPI-W) during the preceding year."

### The Plaintiff's "Regular Occupation" and Onset of her Disability

10. The Plaintiff's "Regular Occupation" prior to the onset of her disabling sicknesses/injuries was senior technical account manager.

11. Due to her cervical neck fusion with pre- and post-fusion severe neck pain and continuing bi-frontal headaches, the Plaintiff stopped working altogether on June 2, 1015.

12. She returned to work on September 4, 2015 as a per diem employee. Prior to September 4, 2015, she was a salaried employee making $85,000.24/year which works out to $7,083.35/month and $40.8655 per hour.

13. When she became a per diem employee working 30 hours per week, she was paid the same hourly rate from September 4, 2015 to March 31, 2016. She received a pay raise effective April 1, 2016 to $41.6822/hour. Thus, from September 4, 2015 to March 31, 2016, her gross monthly income was $5,312.51. Her gross monthly income from April 1, 2016 to the present is $5,418.68.

14. For the periods of time at issue, the Plaintiff has suffered and continues to suffer a loss of "Covered Earnings" of more than 20% of her Pre-disability Covered Earnings.

15. For the period from September 4, 2015 to March 31, 2016, her percentage of lost Covered Earnings was 25%.

16. For the period from April 1, 2016 to the present date, her percentage of lost Covered Earnings is 23.5%.

### *The Plaintiff's Disability*

17. The Defendant denied the Plaintiff's long-term disability ("LTD") claim on appeal, on October 13, 2016.

18. The Plaintiff's treating pain specialists are Stephen Hull, MD, and Alan Carter, DO.

19. As set forth in their written medical opinions, Dr. Hull and Dr. Carter agree that the Plaintiff needs a break from work every hour and is limited to a six-hour workday.

20. Specifically, Dr. Carter states: "Throughout a 6-hour workday, Ms. Tedesco will need hourly breaks due to her pain and other symptoms of her severe physical conditions."

21. In its denial of the Plaintiff's LTD Claim, the Defendant relied on the opinion of its medical consultant, Theresa Oney, MD. In her report, Dr. Oney believes the Plaintiff can sustain a full work duty position with

this limitation but agrees with Dr. Hull and Dr. Carter the Plaintiff needs "hourly breaks" during the course of a workday.

## Count I

22. Taking a break every hour during the course of a normal workday will cause the Plaintiff to be "off task" during those breaks, and thus, be unable to perform her Regular Occupation with normal persistence and at the normal pace expected by her employer.

23. For this reason, in addition to her being unable to work more than a six-hour workday, the Plaintiff remains unable to earn 80% or more of her Indexed Earnings, and thus, has been and continues to be "Disabled" as defined by the Policy.

24. Accordingly, the Defendant's denial of the Plaintiff's LTD Claim was without substantial support and arbitrary and capricious.

## Prayer for Relief

25. Pursuant to 29 U.S.C. §1132(a)(A)(1)(B), the Plaintiff respectfully asks this Court to enforce her rights under the terms of the ERISA LTD plan, and enter the following judgment:

A. Reverse the Defendant's denial and award the Plaintiff her LTD claim benefits she is entitled to, using the disability start date of August 31, 2015, the date her disability benefits would have started but for the Defendant's denial of her LTD claim, with interest;

B. Direct the Defendant to continue to pay the Plaintiff her monthly LTD benefits as long as she qualifies for such benefits under the terms of the ERISA LTD Plan; and

C. Order the Defendant to pay the Plaintiff's attorneys their reasonable attorneys' fees.

                              Respectfully submitted:

Date: November 17, 2017      /s/ Andrew J. Bernstein
                                        Andrew J. Bernstein, Esq.
                                        Bar No. 002257
                                        Attorney for the Plaintiff
                                        Law Offices of Joe Bornstein
                                        P.O. Box 4686
                                        Portland, ME 04112